# UNITED STATES DISTRICT COURTS
## FOR THE DISTRICT OF COLUMBIA

_____ )

JORDAN GLOGAU                                    )

271 Treetop Circle                             )

Nanuet, New York  10954                        )

Plaintiff                                           )

                                     )

VS.                                            )          CIVIL ACTION NO. (1:22-cv-00470)

                                     )

                                     )

UNITED STATES OF AMERICA                         )

Federal Triangle                               )

Washington, DC 20500                           )

Defendant_____)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS REQUESTING SUMMARY JUDGMENT

       Jordan Glogau, the Plaintiff in this case, opposes the Motion to Dismiss which was filed by United States of America, the Defendant in this case. My opposition is based upon and supported by the following Memorandum of Points and Authorities, statement of material facts file with the Court, the attached declaration and exhibits, and any argument the Court may allow at the time of hearing. Also attached is a proposed order.

 Dated:                                   Respectfully submitted,

## UNITED STATES DISTRICT COURTS
## FOR THE DISTRICT OF COLUMBIA

_____ )
JORDAN GLOGAU                         )
271 Treetop Circle                   )
Nanuet, New York  10954       )
Plaintiff                         )
                             )
VS.                            )      CIVIL ACTION NO. (1:22-cv-00470)
                             )
                             )
UNITED STATES OF AMERICA        )
Federal Triangle                 )
Washington, DC 20500          )
Defendant_____)

## MEMORANDUM OF POINTS AND AUTHORITIES

I oppose the motion on file with the Court submitted by the undersigned counsel of the United States of America for the following reasons and based upon the facts, law, and legal analysis below:

### LEGAL STANDARD

Pursuant to the initial summons filed on February 23, 2022 stipulating that a judgment by default will be entered against the defendant for the relief demanded in the complaint if an answer is not served on the plaintiff within 60 days for any United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3).

As an answer is only filed on May 2, 2022 which surpassed the prescribed 60 days limitation per Fed. R. Civ. P. 12 (a)(2) or (3), the failure to comply with the requirements of this rule justifies the entry of a default by the clerk or the court sua sponte pursuant to Fed. R. Civ. P. 12(5). Such non-compliance constitutes gross misconduct and procedural defects. The plaintiff is therefore entitled to a default judgment entered against the defendant and the motion to

dismiss is to be set aside due to defendant's failure to comply with local rules governing the procedures of the aforementioned. The plaintiff would hence be entitled to monetary damages. The plaintiff also respectfully requests move for summary judgment pursuant to Rule 56 of Federal Rules of Civil Procedure.

## ANALYSIS

### A.  Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *See Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 375 n. 5 (D.C.Chubbgyir.1980).* Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default " [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED.R.CIV.P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. FED.R.CIV.P. 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because " it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, default judgments are not favored by modern courts. *See Jackson v. Beech, 636 F.2d 831, 835 (D.C.Cir.1980).* Accordingly, default judgment usually is available " only when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson*, 636 F.2d at 836 (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C.Cir.1970)*). Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *See Adkins v. Teseo, 180 F.Supp.2d 15, 17 (D.D.C.2001)*; *Avianca, Inc. v. Corriea, 1992 WL 102999, at *1 (D.D.C. Apr.13, 1992); see also Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir.1986).*

**B.  Motion for Summary Judgment Under Rule 56**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)*. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex, 477 U.S.* at 322- 23. A fact is "material" when it "might affect the outcome of the suit under the governing law."  *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id* While the general rule includes affidavits or declarations as one of the cited materials, a party seeking summary judgment does not have to provide proof such as an affidavit, that negates the adverse party's claim. The court must instead grant a motion for summary judgment against a party who does not establish an essential element of their case for which they have the burden of proof. *See Celotex Corp. v. Catrett*, *477 U.S. 317, 106 S. Ct. 2548 (1986).*

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex, 477 U.S.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)*. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; *see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983)*. However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)*. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson, 477 U.S.* at 249 (citations omitted); accord *Spence v. Zimmerman, 873 F.2d 256 (11 Cir. 1989)*. Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson, 477 U.S.* at 254; *Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11 Cir. 1988)*. Nevertheless, the credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson, 477 U.S.* at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11 Cir. 1988)*.

## I.      Facts for Summary Judgment purposes

[Insert case law facts relating to summary judgment justifications]

Dated: _____

_____

Jordan Glogau
271 Treetop Circle
Nanuet, NY  10954

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
REQUESTING SUMMARY JUDGMENT</u>**