UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JORDAN JAY GLOGAU,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Civil Action No. 22-470 (JEB) |

## MEMORANDUM OPINION

In this suit seeking to have the Court throw out the 2016 Presidential election, *pro se* Plaintiff Jordan Glogau minces no words. His introductory sentence sets the tone: "Never in the history of the United States has one person come so close to destroying this nation and its institutions." ECF No. 1 (Compl.) at ECF p. 2. He asks in his Prayer for Relief for the Court to "[a]nnul the 2016 Presidential Election. Void all laws, appointments, treaties, regulations, executive orders of the Trump Administration. Everything done during the Trump administration was fraudulent, simply clear the deck." Id. at ECF p. 6. While this suit against the United States does not lack for ambition, its author does lack standing. The Court, accordingly, must grant the Government's Motion to Dismiss.

**I.    Legal Standard**

Defendant here contends that the Court has no subject-matter jurisdiction, thus warranting dismissal under Federal Rule of Civil Procedure 12(b)(1). To survive a motion to dismiss under Rule 12(b)(1), a plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561

1

(1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000).  A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."  Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1350 (2d ed. 1987)) (alteration in original).

**II.     Analysis**

Article III of the Constitution limits the power of the federal judiciary to the resolution of "Cases" and "Controversies."  Because "standing is an essential and unchanging part of the case-or-controversy requirement of Article III," Lujan, 504 U.S. at 560, finding that a plaintiff has standing is a necessary "predicate to any exercise of [the Court's] jurisdiction."  Florida Audubon Soc'y v. Bentsen, 94 F.3d 658, 663 (D.C. Cir. 1996); see also Allen v. Wright, 468 U.S. 737, 750 (1984) (discussing case-or-controversy requirement).

The doctrine of standing "requires federal courts to satisfy themselves that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [his] invocation of federal-court jurisdiction."  Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (citing Warth v. Seldin, 422 U.S. 490, 498–99 (1975)).  "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'"  Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (quoting Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010)).

While Plaintiff's pleadings — which include the Complaint, his "Supplemental Memorandum," and both Oppositions to the Motion to Dismiss, see ECF Nos. 1, 4, 8, 10 — fail

to establish standing for multiple reasons, the Court need only mention one: they allege no injury. To demonstrate his standing here, Glogau must contend that he suffered a distinct harm that can be traced to Donald Trump's win in the 2016 election. See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982). That he simply has not done. While he may contend that the country has been grievously damaged, he never alleges how he himself was injured. Indeed, he appears to acknowledge as much when he says, "It is hoped that the court will permit other individuals and organizations to join this suit, in the spirit of a class action suit, for the purpose of providing lawful standing." Compl. at ECF p. 2. Even if he had alleged some injury, he would not satisfy the redressability prong of standing because this Court would be powerless to order the type of relief he seeks.

### III.    Conclusion

Because Plaintiff's allegations do not state a cognizable injury, the Court will issue a contemporaneous Order dismissing the case without prejudice for lack of subject-matter jurisdiction.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  May 20, 2022