# UNITED STATES DISTRICT COURTS
## FOR THE DISTRICT OF COLUMBIA

_____ )
                                                )
JORDAN GLOGAU                                  )
271 Treetop Circle                              )
Nanuet, New York  10954                         )
Plaintiff                                          )
                                                )
VS.                                             )          CIVIL ACTION NO. (1:22-cv-00470)
                                                )
                                                )
UNITED STATES OF AMERICA                        )
Federal Triangle                                )
Washington, DC 20500                            )
Defendant_____)

## PLAINTIFF'S CLARIFICATION OF THE DEFENDANT'S LATE FILING AND THE COURT'S JUDGEMENT

Jordan Glogau, the Plaintiff in this case, opposes the Motion to Dismiss because the Defendant was late for the legal filing limit by two days to file, 62 days instead of 60 days.

The 60 day requirement is repeated below.

Further the court allowed "Leave to file Granted" on 5/17/22.  Item 10 in the PACER system.

Clarifying the court's actions is requested.


Dated: 5/31/22
Respectfully submitted
Jordan Glogau

**UNITED STATES DISTRICT COURTS**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
JORDAN GLOGAU                              )
271 Treetop Circle                        )
Nanuet, New York  10954                   )
Plaintiff                                 )
                                          )
VS.                                       )     CIVIL ACTION NO. (1:22-cv-00470)
                                          )
                                          )
UNITED STATES OF AMERICA                  )
Federal Triangle                          )
Washington, DC 20500                      )
Defendant_____)

## MEMORANDUM OF POINTS AND AUTHORITIES

I oppose the motion on file with the Court submitted by the undersigned counsel of the United States of America for the following reasons and based upon the facts, law, and legal analysis below:

### LEGAL STANDARD

Pursuant to the initial summons filed on February 23, 2022 stipulating that a judgment by default will be entered against the defendant for the relief demanded in the complaint if an answer is not served on the plaintiff within 60 days for any United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3).

As an answer is only filed on May 2, 2022 which surpassed the prescribed 60 days limitation per Fed. R. Civ. P. 12 (a)(2) or (3), the failure to comply with the requirements of this rule justifies the entry of a default by the clerk or the court sua sponte pursuant to Fed. R. Civ. P. 12(5). Such non-compliance constitutes gross misconduct and procedural defects. The plaintiff is therefore entitled to a default judgment entered against the defendant and the motion to dismiss is to be set aside due to defendant's failure to comply with local rules governing the procedures of the aforementioned. The plaintiff would hence be entitled to monetary damages. The plaintiff also respectfully requests move for summary judgment pursuant to Rule 56 of Federal Rules of Civil Procedure.

## ANALYSIS

### A.  Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *See Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 375 n. 5 (D.C.Cir.1980)*. Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default " [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED.R.CIV.P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. FED.R.CIV.P. 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because " it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, default judgments are not favored by modern courts. *See Jackson v. Beech, 636 F.2d 831, 835 (D.C.Cir.1980).* Accordingly, default judgment usually is available " only when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson*, 636 F.2d at 836 (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C.Cir.1970)*). Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *See Adkins v. Teseo, 180 F.Supp.2d 15, 17 (D.D.C.2001)*; *Avianca, Inc. v. Corriea, 1992 WL 102999, at \*1 (D.D.C. Apr.13,*

*1992); see also Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir.1986).*

Dated: <u>May 31, 2022</u>

Singed: <u>Jordan Glogau    </u>

Jordan Glogau
271 Treetop Circle
Nanuet, NY  10954