No. 22-5184                                                    Filed: 06/29/2022

## UNITED STATES COURT OF APPEAL

## FOR THE   DISTRICT OF COLUMBIA CIRCUIT

JORDAN JAY GLOGAU

**APPELLANT**

**V.**

UNITED STATES OF AMERICA

**APPELLEE**

## APPELLANT'S MEMORANDUM IN SUPPORT OF MOTION FOR JOINDER OF PARTIES

Appellant, Jordan Jay Glogau**,** moves the Court pursuant to *Rule 19 and Rule 20 of the Federal Rules of Civil Procedure* to add Hillary Clinton, Dick Cheney, Bill Clinton, Al Gore, Jimmy Carter, Dan Quayle, Mike Pence and George Bush in this action. Hillary Clinton is added as a required party to this action as she was directly involved as a presidential candidate in the 2016 presidential election. Dick Cheney, Bill Clinton, Al Gore, Jimmy Carter, Dan Quayle, Mike Pence and George Bush all served as presidents and vice presidents prior to the 2016 presidential election and will not deprive the court of subject matter jurisdiction.

The court has held that where there is absence of prejudice to an existing party, undue delay, or bad faith, leave to add should be freely and routinely given. *FTD Corp. v. Banker's Trust Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997). See also Helene Curtis Industries, Inc. v. Sales Affiliates, Inc., 105 F. Supp. 886, 901 (S.D.N.Y. 1952)* (the addition of parties is a

No. 22-5184                                                    Filed: 06/29/2022

"matter to be treated liberally"). As the Court observed in ***Mullaney v. Anderson, 342 U.S. 415, 417 (1952),*** a contrary rule "would entail needless waste and runs counter to effective judicial administration." See also ***Charles Alan Wright et al., 7 Federal Practice and Procedure §1681, 473 (3d ed. 2001)*** *(Rule 21* "provides the courts with a valuable procedural device that can be used to avoid multiple litigation and to promote liberal joinder of parties").

The court also noted in Mullaney v. Anderson, supra that new parties may even be added after trial as there is no impact on the litigation caused by the addition since there were no new claims made by the added parties. Granting appellant's motion at this stage would cause neither prejudice nor delay since the appellant does not seek to raise new claims against putative respondents.

CONCLUSION

The Court should grant the appellant's motion to add parties.

**Dated: August 9, 2022**

**Respectfully submitted,**

**Jordan Jay Glogau**
**Appellant**
**Self represented**
**271 Treetop**
**Circle Nanuet,**
**New York 10954.**